NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WILLIAM MORRIS, on behalf of Oregon Cascade Corporation and CLAUDINE MORRIS, Assignee on behalf of Oregon Cascade Corporation, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FRANCOIS ROBERT HARLEY, AKA Francois Robert Haussauer; et al., <br><br> Defendants-Appellees. | No.    16-16064 <br><br> D.C. No. 2:15-cv-00226-JAD-GWF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 13, 2017[**]
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and GRITZNER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

The issue in this case is whether the district court correctly ordered dismissal for lack of personal jurisdiction over Defendants Francois Harley and his company, Cambium E.I.R.L. Richard and Claudine Morris and Harley signed a lease agreement in the Dominican Republic on August 29, 2012. This agreement gave the Morrises a 99-year lease for the lot "Mango 12" in Cambium, a subdivision located entirely within the Dominican Republic. On May 31, 2013, while Harley was in Las Vegas, Nevada, the Morrises and Harley amended their 2012 lease agreement, substituting the Cambium lot "Cana 17" for Mango 12.

In 2015, the Morrises brought claims against Defendants for violations of the Interstate Land Sales Full Disclosure Act (ILSA), as well as state tort and contract law. The district court granted Defendants' motion to dismiss, finding that Defendants were not subject to personal jurisdiction in Nevada or, by way of the federal long-arm statute, in the United States as a whole. On appeal, the Morrises argue that Defendants waived their personal jurisdiction defenses; that they are subject to personal jurisdiction in both Nevada and under the federal long-arm statute; and that personal jurisdiction is automatic under the ILSA.

Defendants raised the defense of lack of personal jurisdiction in their first responsive pleading and moved to dismiss all claims on that basis. Defendants did not waive their personal jurisdiction defenses. *See* Fed. R. Civ. P. 12(h).

Because the Morrises brought suit in the District of Nevada, this court

assesses whether the exercise of personal jurisdiction over Defendants in Nevada is proper. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The Morrises allege that Harley promoted and solicited purchases on behalf of Cambium at a two-day convention in Las Vegas, Nevada. Such a discrete act does not render Defendants essentially at home in Nevada. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011). Nevada lacks general personal jurisdiction over Defendants.

The Morrises' lease agreement was signed in the Dominican Republic and predated Harley's visit to Nevada. Though the parties amended the agreement at the Las Vegas convention, this amendment only substituted one plot of land for another; the remaining terms from the 2012 lease were unaffected. The Morrises failed to show their ILSA claim would not have arisen but for Defendants' Nevada contacts and thus failed to establish specific jurisdiction. *See Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

Moreover, adjudicating this dispute in Nevada would not be reasonable. Defendants did not purposefully direct their conduct toward Nevada beyond Harley attending the Las Vegas convention. Cambium is incorporated in, and has its principal place of business in, the Dominican Republic. The entire Cambium subdivision is located in the Dominican Republic. The 2012 lease agreement was signed in the Dominican Republic and notarized by a Dominican notary public.

The agreement contains a dispute-resolution clause requiring mandatory mediation and arbitration in the Dominican Republic. An alternative forum (arbitration in the Dominican Republic) exists. *See CollegeSource*, 653 F.3d at 1079 (setting forth factors relevant to reasonable exercise of specific jurisdiction). Nevada lacks specific personal jurisdiction over Defendants.

Because the Morrises assert a federal law claim under the ILSA and Defendants are not subject to personal jurisdiction in any individual state, the court can assess Defendants' contacts under the federal long-arm statute. *See* Fed. R. Civ. P. 4(k)(2); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). The same due process analysis for specific and general personal jurisdiction applies, except that the relevant forum is the United States as a whole. *Pebble Beach*, 453 F.3d at 1159.

The Morrises allege that Harley visited the United States in 2013 and promoted Cambium lots in California, Florida, Nevada, and Pennsylvania. The Morrises have presented evidence suggesting that Harley advertised Cambium in brochures and publications distributed in the United States. A few discrete acts promoting Cambium, however, do not render Defendants essentially at home in the United States. *See CollegeSource*, 653 F.3d at 1074. The United States lacks general personal jurisdiction over Defendants.

The Morrises have failed to show their ILSA claim would not have arisen but for these U.S. activities.  *See Menken*, 503 F.3d at 1058.  The August 29, 2012 lease agreement predated Harley's 2013 U.S. marketing tour.  The May 31, 2013 amendment to the 2012 lease agreement only changed the Morrises' lot without altering any other terms.  And, as with the analysis of specific contacts with Nevada, the reasonableness factors weigh against adjudication in the United States.  *See CollegeSource*, 653 F.3d at 1079.  The United States lacks specific personal jurisdiction over Defendants.

The Morrises' final argument, that jurisdiction is automatic under the ILSA, is contrary to longstanding precedent holding that the exercise of judicial authority over a defendant not located in the forum must satisfy constitutional due process standards.  *See Int'l Shoe*, 326 U.S. at 319 (holding due process "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations").  The district court committed no error in concluding it lacked personal jurisdiction over Defendants.

**AFFIRMED.**

5